Dear Mr. Wagley,
You have requested an opinion of this office regarding the use of public funds to implement an employee recognition program intended to acknowledge city employees who perform exceptional services for the citizens of Opelousas. Specifically, you have asked the following:
(1) May the city administration use public funds to purchase a plaque to recognize each monthly "employee of the month"?
(2) May the city administration use public funds to purchase a plaque to recognize the "employee of the year"?
(3) May the city administration use public funds to purchase plaques to recognize city employees for their length of service?
This office recognizes the crucial role employee recognition plays in the enhancement of employee morale, job satisfaction, loyalty, motivation and productivity. We have issued multiple opinions addressing what type of awards for employees are permissible and do not violate La.Const. art. VII, Sec. 14(A).[1] *Page 2 
In La. Atty. Gen. Op. No. 76-1766, the awards contemplated were monetary awards, clothing, a personalized safety hat and a plaque or certificate. The opinion concluded that the monetary award and the clothing constituted a prohibited remunerative donation, but that the personalized safety hat and plaque or certificate did not constitute such a donation and were not constitutionally prohibited. La. Atty. Gen. Op. No. 85-700 concluded that cash safety awards to Sheriff's Deputies and other Criminal Department employees constituted prohibited donations. However, the opinion noted that a certificate or other award, such as a plaque or trophy of moderate cost, would be an acceptable manner of recognizing the employee without violating the provisions of state law. La. Atty. Gen. Op. No. 92-737 stated that a public entity could give plaques of moderate cost to employees for special recognition. However, the granting of gift certificates and savings bonds constituted prohibited donations under the state's constitution. Finally, in La. Atty. Gen. Op. No. 95-210, $100-$500 gift certificates for Employees of the Quarter and Year, and $50-$250 restaurant certificates for Managers of the Quarter and Year were deemed donations prohibited by Article VII, Section 14, while awards such as frames, plaques, coin/key chains and certificates were permissible.
It remains the opinion of this office that public funds may be used to purchase plaques of moderate cost to honor exceptional employees without violating La.Const. art. VII, Sec. 14(A). Therefore, we answer to your first three questions in the affirmative.
You have also asked whether the city administration may use public funds to host a program that would recognize the employees, where all city employees (and their spouses or guests) would be honored for their services to the citizens of Opelousas. This program would include a meal, appropriate recognition of the employees, and a brief report on city operations by a city official.
Our office has historically opined that using public funds for the payment of, or reimbursement for, meals and/or foods served in conjunction with parties and other types of celebratory functions is improper under Article VII, Sec. 14(A) of the Louisiana Constitution. See Atty. Gen. Op. Nos. 08-0089, 96-458. In La. Atty. Gen. Op. Nos. 96-159 and 76-1680, we opined that the use of public funds to help defray the cost of a banquet honoring retirees is prohibited by La.Const. art. VII, Sec. 14. La. Atty. Gen. Op. No. 03-0387 concluded that Nicholls State University could not use public funds to host a function or event for faculty spouses or for a Christmas gumbo for employees and retirees. Finally, La. Atty. Gen. Op. No. 94-115 concluded that St. Charles Parish could not host a luncheon to honor civil service employees. We find the event you are asking about to be similar to the banquets/events discussed in these opinions and *Page 3 
conclude that using public funds for such a purpose would violate La.Const. art. VII, Sec. 14.[2]
With respect to using public funds to provide meals for the spouses and/or significant others of your employees, this office has consistently found that such an expenditure of public funds is improper and is prohibited by La.Const. art. VII, Section 14. In accord are Attorney General Opinion Nos. 03-0387, 93-359, 90-519, 89-36, 83-329 and 80-154.
Accordingly, it is the opinion of this office that the purchase of a moderately priced plaque to honor city employees who provide exceptional service to the City of Opelousas is permissible, but hosting a meal honoring employees and their spouses/guests is not permitted under La.Const. art. VII, Sec. 14.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
BY: __________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt
[1] La.Const. art. VII, Sec. 14(A) provides that "[e]xcept as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .". The Supreme Court of Louisiana has instructed that La.Const. art. VII, Sec. 14(A) "is violated when public funds or property are gratuitously alienated." Board of Directors of theIndustrial Development Board of the City of Gonzales, Louisiana,Inc. v. All Taxpayers, Property Owners, Citizens of the City ofGonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20.
[2] This is not to say that it is never permissible to provide refreshments to employees. Past opinions of this office have concluded that when there is a public purpose for the meeting, it would be proper to provide refreshments but that "factors such as the overall expense, the location of the meal, the participants and attendees at the meal, the public purpose and public benefit of the meal determine what is reasonable under the circumstances." La. Atty. Gen. Op. No. 02-0125. For example, in La. Atty. Gen. Op. No. 03-0157, this office opined that "serving coffee or soft drinks, and perhaps a moderately priced lunch or snacks to firemen attending an all day workshop would appear reasonable," while "serving meals at brief meetings, particularly meetings that could be scheduled at times other than meal times would appear to be unreasonable."